**SUN WORLD LINES, LTD. and Double Cee Investments, Ltd., Appellants,**

v.

**MARCH SHIPPING CORPORATION and March Shipping Passenger Services, Peter Deilmann, Appellees.**

No. 86–1036.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1986.

Decided Sept. 25, 1986.

Fred Mayer, St. Louis, Mo., for appellants.

Bruce E. Beard, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and FAIRCHILD, Circuit Judge.[*]

MAGILL, Circuit Judge.

Sun World Lines, Ltd. (Sun World) and Double Cee Investments, Ltd. (Double Cee) appeal from the district court's [1] final judgment dismissing their claims for breach of contract against Peter Deilmann for lack of proper venue. Sun World and Double Cee argue that the district court erred in enforcing a Federal Republic of Germany forum selection clause. For the reasons discussed below, we affirm.

**I. BACKGROUND**

In October 1981, Double Cee contracted with Deilmann to charter a passenger vessel, the Regina Maris [2]. The contract,

---

[*] THE HONORABLE THOMAS E. FAIRCHILD, United States Circuit Judge for the Seventh Circuit, sitting by designation.

[1.] The Honorable Edward L. Fillipine, United States District Judge for the Eastern District of Missouri.

[2.] Double Cee is an Iowa corporation which maintains its principal offices in St. Louis, Missouri. Its shareholders and directors are a group of chiropractors and businessmen. Deilmann is a resident citizen of the Federal Republic of Germany, who independently owns and operates a shipping company. As one of its business ventures, Double Cee contracted with Sun World, also a St. Louis-based corporation, to market cruises on Deilmann's vessel.

which was prepared by Deilmann, included the following forum selection clause:

> Parties shall strive to settle all disputes arising under and in connection with this contract by means of amicable negotiations. If, however, such disputes cannot be solved amicably they will be submitted to the competent court of the Federal Republic of Germany. Any court ruling to be taken on the basis of German procedural and/or material German law and/or principles or international private law [sic].

The clause appeared in the main body of the contract, but was not the subject of negotiations between the parties.

After execution of the contract, Double Cee and Sun World booked the vessel for Caribbean cruises leaving from Port Everglades, Florida. In May 1982, when the vessel arrived in Florida, the United States Coast Guard declared it unseaworthy, and denied entry into U.S. waters.

Double Cee and Sun World thus redirected the vessel to Canada, for use in cruises on the St. Lawrence Seaway. In June 1982, the Canadian police seized the vessel because of the illegal operation of a casino on board.

Double Cee and Sun World subsequently brought this diversity suit for breach of contract, alleging various theories of damages. The district court granted Deilmann's motion to dismiss based on the forum selection clause, 585 F.Supp. 580, and subsequently certified its order as a final judgment. This appeal followed.

## II. DISCUSSION.

Double Cee and Sun World contend that enforcement of the forum selection clause (1) denies them their fair day in court and (2) contravenes Missouri public policy.

■ Double Cee and Sun World first argue that enforcement of the forum selection clause is unreasonable under the circumstances. They allege that requiring them to bring suit in Germany deprives them of their fair day in court because their witnesses are all in the United States.

These witnesses include Double Cee's president, who is presently imprisoned in the federal penitentiary in Leavenworth, Kansas. They also contend that Deilmann possessed "overweening bargaining power" in negotiating the contract. They argue that Deilmann prepared the contract and never discussed the forum selection clause with them, in effect, hiding it from them.

In the seminal case *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1971), the Supreme Court held that forum selection clauses between parties of equal bargaining power are prima facie valid. A party must "clearly show that enforcement would be unreasonable and unjust, or that the clause [is] invalid for such reasons as fraud or overreaching" to gain exception to a forum selection clause. 407 U.S. at 15, 92 S.Ct. at 1916. A non-forum court also may assume jurisdiction in contravention of the forum selection clause if the plaintiff shows that "trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." 407 U.S. at 18, 92 S.Ct. at 1917; *see also Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 518, 94 S.Ct. 2449, 2456, 41 L.Ed.2d 270 (1972); *McDonnell Douglas Corp. v. Islamic Republic of Iran*, 758 F.2d 341, 345 (8th Cir.1985).

In upholding a forum selection clause requiring litigation of any dispute in London, *The Bremen* court overturned the traditional view that such provisions should be unenforceable as against public policy. 407 U.S. at 6, 92 S.Ct. at 1911. *The Bremen* court reasoned that by upholding the principle of freedom of contract, it would assist American businesses in expanding on an international scale. *Id.* at 11, 92 S.Ct. at 1913. The court recognized the general benefits of eliminating uncertainties as to forum in advance and also that parties to an international transaction might desire a neutral forum. *Id.* at 11–12, 13, 92 S.Ct. at 1913–14, 1914. It thus required a strong showing of unfairness to invalidate a forum selection clause.

The district court held that Double Cee and Sun World failed to show that enforcement of the forum selection clause would be unreasonable. The district court concluded that the parties "chose" Germany as a forum and noted that Double Cee and Sun World could use the depositions of any witnesses they could not transport to Germany. *The Bremen,* 407 U.S. at 19, 92 S.Ct. at 1918.

We hold that the district court's enforcement of the forum clause did not constitute an abuse of discretion.[3] While we recognize the hardship of litigating this suit in Germany, we agree with the district court that the alternative of using depositions of key witnesses provides adequate opportunity for Double Cee and Sun World to have their fair day in court. We also cannot conclude that Deilmann exercised overweening bargaining power. The terms of the forum clause were clearly stated in the agreement, and there is no evidence that Deilmann, a German shipper, had any better capacity to understand the clause than did an organized group of American investors.

Second, Double Cee and Sun World argue that enforcement of the forum selection clause violates the stated public policy of Missouri.[4] They contend that the policy of Missouri is to provide a forum within the state for its citizens, irrespective of the contractual forum choice.

The district court rejected Double Cee's and Sun World's public policy argument as without authority under Missouri law. We need not decide the validity of the clause under Missouri law, however, as federal law clearly controls.

In their complaint, Double Cee and Sun World alleged diversity under 28 U.S.C. § 1332 as the basis of federal jurisdiction. However, suits on contracts for the chartering of ships are also generally within the admiralty jurisdiction of the federal courts under 28 U.S.C. § 1333. *See* 7A J. Moore & A. Pelaez, Moore's Federal Practice ¶ .245[1] (2d ed. 1983); *Morewood v. Enequist,* 23 How. 491, 16 L.Ed. 516 (1859); *Armour & Co. v. Fort Morgan Steamship Co., Ltd.,* 270 U.S. 253, 46 S.Ct. 212, 70 L.Ed. 571 (1926). Analyzing this case as both an admiralty case and a diversity case, we reach the same result under the federal law of *The Bremen.*

■ Assuming first that the proper basis for federal jurisdiction is admiralty jurisdiction, 28 U.S.C. § 1333, then federal admiralty law applies to the exclusion of Missouri law. *Austin v. Unarco Industries, Inc.,* 705 F.2d 1, 6 n. 1 (1st Cir.1983). While state law may sometimes supplement admiralty law, admiralty law applies if there is a direct conflict between the two laws. *Id., citing Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409–10, 74 S.Ct. 202, 204–05, 98 L.Ed. 143 (1953). Given the apparent conflict between Missouri law and *The Bremen,* which is an admiralty case, *The Bremen* controls, giving full force and effect to the forum selection clause.

■ Alternatively, viewing this as a diversity case, state law binds us only on substantive issues. Otherwise, federal law controls under the *Erie* doctrine. *Dick Proctor Imports, Inc. v. Sumitomo Corp. of America,* 486 F.Supp. 815, 818 (E.D.Mo. 1980), *citing Erie R. Co. v. Tomkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The enforceability of a forum selection

---

**3.** We follow the approach of the Ninth Circuit and review the district court's enforcement of the forum selection clause for an abuse of discretion. *Pelleport Investors v. Budco Quality Theatres,* 741 F.2d 273, 280 n. 4 (9th Cir.1984). *Cf. The Bremen,* 407 U.S. at 7, 92 S.Ct. at 1911 (abuse of discretion standard applicable to *forum non conveniens* determination); *DeShane v. John Deere & Co.,* 747 F.2d 1194, 1195 (8th Cir.1984) (same). We note that some courts have implicitly applied a de novo standard. *See Mercury Coal & Coke v. Mannesmann Pipe &*

*Steel,* 696 F.2d 315, 318 (4th Cir.1982); *Bense v. Interstate Battery System of America,* 683 F.2d 718, 722 (2d Cir.1982); *In re Fireman's Fund Ins. Cos.,* 588 F.2d 93, 95 (5th Cir.1979) (per curiam). Even under de novo review we would reach the same result.

**4.** Double Cee and Sun World cite authority stemming from the case of *Reichard v. Manhattan Life Ins. Co.,* 31 Mo. 518 (Mo.1862).

clause concerns both the substantive law of contracts and the procedural law of venue. *Id.* This court has never before had to decide whether the issue is substantive or procedural.[5] We note other circuits have not had to decide whether state or federal law applies to forum clauses either, because the result would be the same under either body of law. *E.g., Colonial Leasing Co. of New England, Inc. v. Pugh Bros. Garage,* 735 F.2d 380, 382 (9th Cir.1984); *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 201–02 (3d Cir. 1983); *Mercury Coal & Coke, Inc. v. Mannesmann Pipe & Steel Corp.,* 696 F.2d 315, 317 (4th Cir.1982). However, Missouri law on forum selection does not follow *The Bremen* approach. *State ex rel. Gooseneck Trailer Manufacturing Co.,* 619 S.W.2d 928, 930 (Mo.Ct.App.1981). *But cf. State ex rel. Marlo v. Hess,* 669 S.W.2d 291, 293 (Mo.Ct.App.1984) (upholding forum selection clause restricting venue to particular county). Faced with this conflict, federal district courts in Missouri have consistently held that the enforceability of a forum clause (venue limitation) is clearly a federal procedural issue and that federal law controls. *E.g., Benge v. Software Galeria, Inc.,* 608 F.Supp. 601, 606 (E.D.Mo.1985) (Chief Judge Nangle, citing numerous authorities); *Quick Erectors, Inc. v. Seattle Bronze Corp.,* 524 F.Supp. 351, 355–57 (E.D.Mo.1981); *Dick Proctor Imports, supra,* 486 F.Supp. at 818. In affirming the position of the Missouri district court that forum selection is a procedural matter, we support a policy of uniformity of venue rules within the federal system, as well as the policies underlying *The Bremen. See Taylor v. Titan Midwest Construction Corp.,* 474 F.Supp. 145, 147 (N.D.Tex.1979).

We thus hold that the federal common law of *The Bremen, supra,* controls. The district court did not err in enforcing the forum clause as a matter of federal law.

Accordingly, we affirm the judgment of the district court.

**5.** In *McDonnell Douglas Corp. v. Islamic Republic of Iran,* 758 F.2d 341 (8th Cir.1985), this court invalidated a forum selection clause as unreasonable under *The Bremen, supra.* However, that case did not address the issue of whether state or federal law applied, apparently because the parties did not dispute it. *See* 758 F.2d at 345 n. 4.