683 F.Supp. 731 (1988)
MEDICINE SHOPPE INTERNATIONAL, INC., Plaintiff,
v.
Eugene J. BROWNE, et al., Defendants.
No. 87-2164C-(1).
United States District Court, E.D. Missouri, E.D.
April 25, 1988.
Stephen H. Rovak, Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for plaintiff.
Alan R. Soberman, Rose & Soberman, Roslyn, N.Y., Leonard D. Vines, Vines, Jones, Ross, Kraner & Rubin, St. Louis, Mo., for defendants.

*732 ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that defendants' motion for change of venue be and is denied.
Plaintiff Medicine Shoppe International, Inc., brought this two-count diversity jurisdiction breach of franchise agreement action against defendants Eugene L. Browne and Browne's Pharmacy, Inc., in this Court, the United States District Court for the Eastern District of Missouri. The franchise agreement at issue between plaintiff and defendant Browne contains a forum selection clause which provides:
Any cause of action between the parties hereto arising from this Agreement shall be brought only in the Federal District Court for the Eastern District of Missouri, unless said Court shall lack jurisdiction, in which case, such action shall be brought only in the state courts in St. Louis County, Missouri.
Defendants move for change of venue, pursuant to 28 U.S.C. § 1404, to the United States District Court for the Eastern District of New York, a district where defendants contend this action "might have been brought." 28 U.S.C. § 1404(a).
First, defendants argue that the forum selection clause is not enforceable. This is a diversity jurisdiction action. Missouri law binds this Court on substantive issues. Federal law controls on procedural issues. Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir.1986), citing Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "The enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue." 801 F.2d at 1069. "On the one hand the clause determines venue and can be considered procedural, but on the other, choice of forum is an important contractual right of the parties [and can be considered substantive]." Farmland Industries v. Frazier-Parrott Commodities, 806 F.2d 848, 852 (8th Cir.1986). Thus, "[w]hether a contractual forum selection clause is substantive or procedural is a difficult question." Id. In Sun World, the Eighth Circuit appeared to decide that forum selection clauses are procedural and thus that federal law, namely the rule in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), controls. Sun World, 801 F.2d at 1069. However, in Farmland Industries, the Eighth Circuit explained that in Sun World federal common law (that is The Bremen) controlled because Sun World was an admiralty case. 806 F.2d at 852. Without deciding whether forum selection clauses are procedural or substantive, Farmland concluded that in diversity cases consideration should be given to the public policy of the forum state with respect to the enforceability of forum selection clauses. Id.[*]
Missouri law on the enforceability of forum selection clauses is clear: forum selection clauses which purport to prevent courts within the State of Missouri from exercising their jurisdiction to hear actions brought by Missouri citizens are void as against the Missouri public policy of providing Missouri citizens with access to courts within the State of Missouri. Reichard v. Manhattan Life Ins. Co., 31 Mo. 518 (1862); State ex rel. Gooseneck Trailer Mfg. Co. v. Barker, 619 S.W.2d 928, 930 (Mo.App. 1981); see State ex rel. Marlo v. Hess, 669 S.W.2d 291, 293-294 (Mo.App. 1984). In contrast, forum selection clauses which designate the State of Missouri or a particular court within the State of Missouri as the exclusive forum in which to bring actions are enforceable so long as the clauses are not unfair and are not unreasonable. Osage Homestead, Inc. v. City of New Florence, 713 S.W.2d 51, 52 (Mo.App. 1986); State ex rel. Marlo v. Hess, 669 S.W.2d 291, 293-294 (Mo.App. 1984); Gibson v. Gibson, 687 S.W.2d 274, 276 (Mo. App. 1985). The forum selection clause at issue herein designates a particular court within the State of Missouri as the exclusive forum in which to bring an action *733 arising from the franchise agreement. Therefore, under Missouri law, this forum selection clause is enforceable so long as it is not unfair and is not unjust.
The federal rule on the enforceability of forum selection clauses is similar: the clause should control and be enforced unless the resisting party makes a strong showing that the clause is unreasonable and unjust, or that the clause is invalid because of fraud or overreaching, or that the suit is broader than the intended scope of the clause. The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972); Farmland Industries, 806 F.2d at 852.
Defendants argue that the forum selection clause at issue herein is not enforceable because: the franchise agreement concerns a pharmacy business located in New York; defendants' witnesses are located in New York; defendants' present business is located in New York; plaintiff is authorized to do business in New York; and the parties did not negotiate over the forum selection clause. Even without considering the contacts which this action has to Missouri (plaintiff's witnesses and documents; the fact that plaintiff's principal and only place of business is in Missouri; the fact that the franchise agreement provides that it is governed by Missouri law; and the fact that the franchise agreement unambiguously and unequivocally provides that actions arising from the agreement must be brought in Missouri), defendants' numerous contacts with New York and the fact that the parties did not negotiate over the forum selection clause does not establish that the forum selection clause is unfair or is unreasonable. Further, taking into consideration the contacts which this action has to Missouri, it is clear that the forum selection clause is not unfair and is not unreasonable. In addition, defendants do not claim any fraud or overreaching and do not claim that this suit is broader than the intended scope of the clause. Therefore, the forum selection clause is enforceable. The Bremen, 407 U.S. at 15, 92 S.Ct. at 1916, State ex rel. Marlo v. Hess, 669 S.W.2d at 293-294. The Court therefore will enforce the clause according to its terms.
Second, defendants argue that, even if the clause is enforceable, the clause by its own terms does not prohibit this Court from transferring this action to New York pursuant to 28 U.S.C. § 1404. By its terms, the clause requires that actions arising from the agreement must be "brought" in the State of Missouri. By its terms, the clause does not require that such actions be "tried" in Missouri and does not prohibit the transfer out of Missouri of such an action after the action has been "brought" in Missouri. Since the clause has been complied with in that this action was "brought" in Missouri, defendants conclude that this Court may now transfer this action to New York pursuant to 28 U.S.C. § 1404. However, 28 U.S.C. § 1404(a) provides that this Court may transfer an action to another district only if this action "might have been brought" in that district. Because the Court has concluded above that the forum selection clause is enforceable according to its terms, this action could only have been "brought" in Missouri and could not have been "brought" in New York. Thus, even though the clause does not require that actions be "tried" in Missouri and does not itself prohibit transfers, because the clause is enforceable, this Court cannot transfer this action to New York pursuant to 28 U.S.C. § 1404 because this action could not have been "brought" in New York. See 28 U.S.C. § 1404(a).
Third, even if the forum selection clause were not enforceable, defendants have failed to establish that the balance of contacts strongly favors defendants' proffered choice of forum over plaintiff's choice of forum. Thus, plaintiff's choice of forum will not be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947).
For the foregoing reasons, defendants' motion for change of venue is denied.
NOTES
[*] The precise question whether the enforceability of forum selection clauses is a matter of substance or a matter of procedure was recently argued before the United States Supreme Court. See Arguments Before the Court, 56 U.S.L.W. 3635 (Argued February 29, 1988).