# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3947

_____

M.B. Restaurants, Inc., a South Dakota   *
Corporation, doing business as JB's   *
Restaurants #140 and #142,   *
franchisees; Mark B. Rogers,   *
individually; D Lucks, Inc., an Idaho   *
Corporation, doing business as JB's   *
Restaurant #53, a franchisee; Dale   *
Trappen, individually; JB's Restaurants   *
#54 - Meridian, a franchisee; Bryce   *
Johnson, individually; R & R Hosts,   *
Inc., a Washington Corporation, doing   *
business as JB's Restaurant #201, a   *
franchisee; John or Jane Does, A-Z,   *
including franchisees and individuals   *   Appeal from the United States
as a class,   *   District Court for the District of
  *   South Dakota.
        Plaintiffs - Appellants,   *
  *
    v.   *
  *
CKE Restaurants, Inc., a California   *
Corporation, franchisor, doing business   *
as Summit Family Restaurants, Inc., a   *
Utah Corporation, franchisor, doing   *
business as JB's Restaurants, a   *
Deleware Corporation, franchisor,   *
  *
        Defendants - Appellees.   *
  *

_____

Submitted: June 18, 1999

Filed: July 2, 1999
_____

Before MURPHY and MAGILL, Circuit Judges, and REASONER,[1] District Judge.
_____

MURPHY, Circuit Judge.

Mark Rogers, Dale Trappen, and Bryce Johnson acquired JB's Restaurant franchises, some of which were subsequently terminated. They sued CKE Restaurant's, Inc. in federal district court in South Dakota, alleging breach of contract and various torts on behalf of a class of franchisees. The franchise agreement contained a forum clause providing that any litigation be conducted in Utah, and the district court[2] dismissed this action for improper venue.

Rogers, Trappen, and Johnson are former employees of JB's Restaurants, Inc. (JB's) who entered into franchise agreements with that company in the early 1990s. Trappen acquired a franchise in Mountain Home, Idaho; Johnson acquired one in Meridian, Idaho; and Rogers acquired two in the Rapid City, South Dakota area. JB's was headquartered in Salt Lake City at the time, and the franchise agreements all contained a forum selection clause requiring that disputes between the franchisor and franchisee be litigated exclusively in Utah. Apparently several of the franchises experienced financial difficulties, and in mid-1998 the franchise agreements of Trappen and Rogers were terminated for alleged failure to pay royalties and advertising fees (rent also in Rogers' case).

_____

[1]The Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

-2-

In June 1998 Rogers, Trappen, and Johnson (collectively Franchisees) filed their purported class action complaint against the successor to JB's, CKE Restaurants, Inc. (hereinafter Franchisor),[3] alleging breach of contract, antitrust violations, breach of the fiduciary duty of good faith and fair dealing, and tortious interference in business relationships. In this case they seek to represent a class of individuals, predominately former managers of JB's Restaurants, who were allegedly improperly enticed into entering franchise agreements to operate their own individual JB's franchises. Franchisor filed a motion to dismiss for improper venue asserting that the contractual forum selection clauses required that litigation between the parties be conducted exclusively in Utah. The motion was granted in September 1998 and a motion to reconsider was denied.

Shortly after this case was dismissed in South Dakota, Franchisor filed cases against Rogers and Trappen, and their franchises, in the United States District Court for the District of Utah. The claims asserted by Franchisor included breach of contract and violations of federal trademark laws. Both Rogers and Trappen filed counterclaims in the Utah cases, raising claims similar to those in this action, and Trappen alleged that he intended to represent a class of all JB's Restaurant franchisees.

Franchisees argue on appeal that the district court abused its discretion by dismissing their South Dakota complaint for improper venue. They contend that enforcement of the forum selection clause deprives them of their fair day in court and that the contracts were procured through fraud. Franchisees focus on the disparity of bargaining power between their group and the Franchisor, the lack of negotiation of

---

[3]Sometime after the franchise agreements were entered into, JB's was converted to Summit Family Restaurants, Inc., which was then bought by CKE Restaurants, Inc.(CKE) CKE has numerous restaurant franchise chains, including JB's, Hardees, and Carl Jr.'s. CKE is not a named party in the related litigation in Utah which was brought by JB's Family Restaurants, Inc. To avoid confusion we refer to the parties as Franchisor and Franchisees.

specific provisions in the contract, the expense for Rogers to litigate in Utah, and their alleged inability to assert rights under South Dakota franchise law in another forum. Rogers and Trappen also claim fraud. Rogers alleges Franchisor misled him by telling him there was a buyer for the restaurant in which he was interested and thus fraudulently induced him to sign the first franchise agreement. Trappen alleges that his name was forged on some unspecified documents.

The key issue is whether the clause is enforceable. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). Although there may be some disagreement among the circuits regarding whether this is a procedural question governed by federal law or a substantive question governed by state law under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938), the parties here do not argue the state and federal standards differ.[4] Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. M/S Bremen, 407 U.S. at 15. They are enforceable unless they would actually deprive the opposing party of his fair day in court. Carnival Cruise Lines Inc. v. Shute, 499 U.S. 585, 590-95 (1991); see also McDonnell Douglas Corp. v. Islamic Republic of Iran, 758 F.2d 341, 346 (8th Cir. 1985).

Franchisees argue that the presumption of validity does not attach to the forum clause in these agreements because it is invalid for fraud and because it would deny

---

[4]As the district court noted, both the Eleventh and Second Circuits have determined that interpreting a forum selection clause is a procedural question to be decided under federal law, Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990); Steward Org., Inc. v. Richo Corp., 810 F.2d 1066, 1068 (11th Cir. 1987) (en banc) (per curiam), aff'd on other grounds, 487 U.S. 22 (1988), while the Third Circuit has held that it is a substantive legal question governed by state law. General Engineering Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356-57 (3rd Cir. 1986). The Eight Circuit does not yet appear to have established a definitive position. See Farmland Industries, Inc. v. Frazier-Parrott Commodities Inc., 806 F.2d 848 (8th Cir. 1986).

them a fair opportunity to present their claims. Franchisees only allege a belief that the contracts were procured by fraud, however, and they have not alleged that the forum selection clause was itself a product of fraud. Fraud must be pled with particularity, see Fed. R. Civ. P. 9(b), and they have not alleged facts to support their statements that Franchisor misrepresented the potential profitability of the franchises and the expected increase in the number of JB's franchises, that Franchisor was not telling the truth when it told Rogers another buyer was interested in the store, or that the alleged forgery of Trapper's signature on unspecified documents is in some way tied to the validity of the franchise agreement itself. The fact that the contract was a form contract and that the individual clauses were not actually negotiated does not render the clause per se unenforceable. Carnival Cruise Lines, 499 U.S. at 593. Franchisees have not alleged that the Utah court is biased or incompetent or unwilling to apply South Dakota law if applicable. Instead, they rely primarily on Rogers' assertion that he could not afford to litigate in Utah. We note that Rogers is the only named plaintiff who resides in South Dakota, and the other two live in Idaho. Furthermore, inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause. See, e.g., Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068 (8th Cir. 1986) (clause upheld requiring Missouri company to litigate in Germany). The allegations of the Franchisor are thus insufficient to overcome the presumption of validity, and the district court did not abuse its discretion in dismissing the case.

The judgment is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.