# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1548

_____

Servewell Plumbing, LLC,      *
     *
        Plaintiff - Appellant,      *
     *   Appeal from the United States
      v.      *   District Court for the Eastern
     *   District of Arkansas.
Federal Insurance Company,      *
     *
        Defendant - Appellee.      *

_____

Submitted: October 13, 2005
Filed: March 2, 2006

_____

Before RILEY, JOHN R. GIBSON, and COLLOTON, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Servewell Plumbing, LLC appeals the dismissal of its claim against Federal Insurance Company as surety on a labor and material payment bond issued to Summit Contractors, Inc. The district court[1] dismissed the claim for improper venue based on a forum selection clause in the contract between Summit and Servewell, which required any claim against Summit or Federal, as Summit's bonding company, to be brought in Duval County, Florida. On appeal, Servewell argues that the dimissal of

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

its claim was error because the forum selection clause was unenforceable. For the foregoing reasons, we affirm.

This case arises out of a contract dispute between the plaintiff Servewell, a Tennessee corporation, and Summit, a Florida corporation, relating to the construction of an apartment complex in Pulaski County, Arkansas. In January 2002, Summit, the general contractor on the project, entered into a subcontract with Servewell, for Servewell to perform plumbing work at the apartment complex. Servewell alleges that during the course of construction Summit breached its agreement and as result it owed $123,342.37 for labor and materials Servewell had furnished for the project. The subcontract between Servewell and Summit contained a forum selection clause, which provided that the exclusive venue and jurisdiction for any claim against Summit or its bonding company would be in Duval County, Florida.[2] Notwithstanding this provision, in February 2003, Servewell filed suit against Summit and the owner of the

---

[2]The forum-selection clause in the subcontract between Servewell and Summit provides as follows:

> ARTICLE 23: CHOICE OF LAW AND VENUE
> This Subcontract shall be construed in accordance with the Laws of the State of Florida. [Servewell] expressly agrees to be subject to personal jurisdiction in the State of Florida and further waives any right to venue in any action brought under this Subcontract Agreement or against any bond posted by [Summit]. [Servewell] acknowledges that [Summit's] bonding company is an intended third-party beneficiary of this jurisdiction and venue provision. [Summit] has the sole option to select venue in Duval County, Florida, or the site of this project, for any action it brings under the Subcontract Agreement. In any action brought against [Summit] or its bonding company under this Subcontract Agreement, jurisdiction and venue shall be in Duval County, Florida, unless and until [Summit] stipulates to jurisdiction and venue at the site of the project.

Jt. App. 38.

project in Pulaski County Circuit Court, Arkansas. In December 2003, the Arkansas circuit court dismissed Servewell's claim against Summit for improper venue, relying on the forum selection clause in the contract between Summit and Servewell. Servewell appealed the dismissal, which the Arkansas Supreme Court later affirmed. Servewell Plumbing, LLC v. Summit Contractors, Inc., No. 04-1306, --- S.W.3d ---, 2005 WL1406336 (Ark. June 16, 2005).

On July 27, 2004, while its appeal was still pending, Servewell filed a second action in Pulaski County, this time naming Federal as the sole defendant. Acting as Summit's surety on the project, Federal had issued a labor and material payment bond in the amount of $5,847,000. Servewell's action sought a monetary judgment against Federal as surety on Summit's bond for the $123,342.37 Summit allegedly owed to Servewell. Although like the subcontract, the bond document contained a forum selection clause, this forum selection clause provided for venue and jurisdiction in the county where the project was located, i.e., Pulaski County, Arkansas.[3] However, on June 16, 2003, during the course of the Pulaski County litigation between Servewell and Summit, Federal and Summit agreed for valuable consideration to waive the

---

[3]The forum-selection clause in the payment bond between Federal and Summit provides:

> 3. No suit or action shall be commenced hereunder by any claimant:
> . . .
> c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

Jt. App. 28-29.

venue and jurisdictional requirement of the bond to the extent necessary to permit Summit to enforce the forum selection clause in its subcontract with Servewell.[4]

After removing the matter to the United States District Court for the Eastern District of Arkansas, Federal moved to dismiss for improper venue, relying on the forum selection clause in the subcontract between Servewell and Summit. The district court granted Federal's motion, rejecting Servewell's arguments that the forum selection clause in the subcontract was unenforceable. In doing so, the court reasoned that the clause was fair and reasonable since "Servewell freely entered into a contract

---

[4]The document, entitled Partial Waiver, states in relevant part:

Summit Contractors, Inc. ("Summit"), as Principal, and Federal Insurance Company, as surety, are parties to a certain Labor and Material Payment bond . . . Under paragraph 3(c) of the Bond, the parties agreed that no suit or action shall be commenced by any claimant other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the Project, or any part thereof, is situated, or in the United States District Court for the district in which the Project, or any part thereof, is situated, and not elsewhere.

Servewell Plumbing, LLC ("Servewell") was a subcontractor to Summit on the Project though Servewell's contract was terminated prior to completion of the Project. Summit is presently a defendant in an action brought by Servewell pending in the Circuit Court of Pulaski County, Arkansas . . .. However, under the terms of their subcontractor agreement, Summit and Servewell agreed that venue and jurisdiction for any claim brought against Summit or against the Bond would be in Duval County, Florida. For good and valuable consideration, Summit and Federal Insurance Company hereby agree to waive the venue and jurisdictional requirements of paragraph 3(c) of the Bond to the extent necessary to allow Summit to enforce the venue and jurisdictional requirement of the subcontract between Summit and Servewell.

Jt. App. 48.

4

with Summit providing that any dispute would be litigated in Duval County, Florida, despite the fact that the Project was in Arkansas. Servewell, thus, could anticipate having to litigate in Florida." Following the district court's dismissal of its claim without prejudice, Servewell filed a timely notice of appeal.

The parties do not dispute the meaning, scope, or applicability of the forum selection clause in the subcontract, all of which would be questions of contract interpretation that we would review de novo. See e.g., Rainforest Café, Inc. v. EklecCo, LLC, 340 F.3d 544, 546 (8th Cir. 2003); Dunne v. Libbra, 330 F.3d 1062, 1063 (8th Cir. 2003). Instead, the parties' disagreement centers on whether the district court should have enforced the agreed-to clause, a decision we review for an abuse of discretion. See, e.g., Marano Enter. of Kan. v. Z-Teca Restaurants, L.P., 254 F.3d 753, 757 (8th Cir. 2001); M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 753 (8th Cir. 1999); see also Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691-92 (8th Cir. 1997) (applying de novo standard to district court's construction of forum selection clause, but recognizing abuse of discretion standard for question of whether to enforce the clause).

Initially we must address the question of whether to apply state or federal law in determining the enforceability of the clause. Because "the enforceability of a forum selection clause concerns both the substantive law of contracts and the procedural law of venue," Sun World Lines, Ltd. v. March Shipping Corp., 801 F.2d 1066, 1068-69 (8th Cir. 1986), there is some disagreement among the circuits over whether state or federal law applies, see M.B. Restaurants, 183 F.3d at 752 n.4 (collecting cases), and we have yet to adopt a definitive position on the issue. Id.; Rainforest Café, 340 F.3d at 546.[5] Nor must we do so here, since both Arkansas and Florida follow the federal

---

[5]In Sun World Lines, 801 F.2d at 1069, we held that the question of the enforceability of a forum selection clause is procedural for Erie purposes and applied federal law. Shortly thereafter, in Farmland Indus., Inc. v. Frazier-Parrott Commodities Inc., 806 F.2d 848, 852 (8th Cir. 1986), abrogated on other grounds,

5

standard announced by the Supreme Court in M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), see, e.g., Nelms v. Morgan Portable Bldg. Corp., 808 S.W.2d 314, 316-17 (Ark. 1991); Manrique v. Fabbri, 493 So.2d 437, 440 (Fla. 1986), and neither party argues that the application of one or another body of law would materially affect the outcome. See M.B. Restaurants, 183 F.3d at 752 (avoiding Erie question and applying federal law to determine enforceability of forum selection clause where parties did not argue federal and state standards differed). Thus, for purposes of this appeal, we apply the standard announced in Bremen and adopted by the highest courts of Florida and Arkansas, while considering state substantive law when called for under that standard. See Farmland Indus., 806 F.2d at 852.

Under Bremen, "[f]orum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid." M.B. Restaurants, 183 F.3d at 752 (citing Bremen, 407 U.S. at 15); Nelms, 808 S.W.2d at 316-17; Manrique, 493 So.2d at 440. Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially "heavy burden of proof" to avoid its bargain. Bremen, 407 U.S. at 17. Only "some compelling and countervailing reason" will excuse enforcement of a bargained-for forum selection clause. Id. at 12; accord Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 593-94 (1991).

Servewell does not suggest that the forum selection clause in the subcontract was the product of fraud or overreaching; instead, it focuses on the supposed unreasonableness and injustice of requiring it to litigate its claim against Federal in Florida. Servewell first argues that the forum selection clause is unreasonable and unjust because Servewell lacks "minimum contacts" with Florida, and therefore

---

Lauro Lines S.R.L. v. Chasser, 490 U.S. 495 (1989), a different panel of this court considered Missouri public policy in determining enforceability, but ultimately reserved the "difficult question" of "[w]hether a contractual forum-selection clause is substantive or procedural."

6

Florida lacks personal jurisdiction over it. This argument is wholly without merit. "In judging minimum contacts" the focus is "on 'the relationship among <u>the defendant</u>, the forum, and the litigation,'" <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 775 (1984) (quoting <u>Shaffer v. Heitner</u>, 433 U.S. 186, 204 (1977)) (emphasis added). Servewell, the party objecting to Florida's exercise of personal jurisdiction, is the <u>plaintiff</u> in this case, not the defendant. The Supreme Court does not require a <u>plaintiff</u>, like Servewell, to have minimum contacts with the forum State before permitting that State to assert personal jurisdiction over a nonresident <u>defendant</u> and has "upheld the assertion of jurisdiction where such contacts were entirely lacking." <u>Id.</u> at 779. Because Servewell's contacts with Florida do not dictate whether Florida may exercise personal jurisdiction over Federal, Servewell's personal jurisdiction argument cannot render the agreed-to forum selection clause unenforceable.

Next, Servewell argues that the forum selection clause is unreasonable and unjust because litigation in Florida would be inconvenient. Following <u>Bremen</u>, we have held that mere "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause." <u>M.B. Restaurants</u>, 183 F.3d at 753.[6] Instead, a party seeking to avoid his promise must demonstrate that proceeding in "the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court." <u>Dominium Austin Partners., LLC v. Emerson</u>, 248 F.3d 720, 727 (8th Cir. 2001) (quoting <u>Bremen</u>, 407 U.S. at 18). The "great expense" Servewell claims it will incur if forced to secure witnesses located in Arkansas for litigation in Florida, falls well short of depriving it of its day in court. <u>Compare</u> <u>McDonnell Douglas Corp. v. Islamic Republic of Iran</u>, 758 F.2d 341, 345-46 (8th Cir. 1985) (holding chaotic post-revolutionary conditions in Iran, including its ongoing war with Iraq, excused enforcement of clause requiring litigation there) <u>with</u>

---

[6]Indeed, <u>Bremen</u> explicitly rejected mere inconvenience as a reason for avoiding enforcement of a bargained-for forum selection clause, reasoning that the parties contemplated such inconvenience when they entered into their agreement. 407 U.S. at 17-18.

7

M.B. Restaurants, 183 F.3d at 753 (enforcing forum selection clause requiring litigation in Utah over plaintiff's objection that he could not afford to litigate there); Afram Carriers, Inc. v. Moeykens, 145 F.3d 298, 303-04 (5th Cir. 1998) (enforcing Peruvian forum selection clause against financially destitute family of deceased security guard); Sun World Lines, 801 F.2d at 1068 (reasoning that the "alternative of using depositions of key witnesses provides adequate opportunity for [plaintiffs] to have their fair day in court" in enforcing forum selection clause requiring Missouri company to litigate in Germany). Thus, there is no basis for concluding that any inconvenience to Servewell would make it unfair, unjust, or unreasonable to hold it to its bargain.

Finally, Servewell argues that the forum selection clause is unreasonable and unjust because it is contrary to Arkansas public policy. Under Bremen, a forum selection clause may be set aside if "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." Id. at 15. Servewell points to two areas of Arkansas law that it contends embody the state's "strong public policies." We address each argument in turn.

First, Servewell argues that the forum selection clause is contrary to Arkansas law requiring that an in rem action to enforce a materialmen's lien be brought in the county where the construction project is located. In support of this argument, Servewell quotes extensively from a recent case of the Arkansas Supreme Court invalidating a forum selection clause that purported to fix venue outside of Arkansas for a subcontractor's in rem action foreclosing on its materialmen's lien. RMP Rentals v. Metroplex, Inc., 146 S.W.3d 861, 866 (Ark. 2004). Metroplex concluded that the Arkansas materialmen's lien statute embodied the public policy that "[o]nly an Arkansas court has subject matter jurisdiction to enforce the liens and to order foreclosure on real property located within [Arkansas'] borders." 146 S.W.3d at 864. Relying on Bremen, the court held that this public policy was strong enough to trump an otherwise enforceable forum selection clause. Id. at 866. Servewell's reliance on

8

Metroplex is misplaced. Unlike the subcontractor's in rem action at issue in Metroplex, Servewell does not seek to foreclose on a real property lien. Instead, Servewell's action seeks an in personam judgment against Federal as surety for amounts owed by Summit. Thus, any public policy, strong or otherwise, applicable to an in rem action like that at issue in Metroplex is inapplicable to Servewell's in personam action against Federal.

Servewell's second public policy argument centers on the provision of the Arkansas Insurance Code mandating that an action under an insurance policy "shall be brought in . . . the county in which the loss occurred." Ark. Code Ann. § 23-79-204(a)(1). Even if, as Servewell contends, the mandatory language of this provision demonstrates that it embodies a "strong public policy" of the State of Arkansas, the provision does not apply to Servewell's claim against Federal. Rather, Ark. Code Ann. § 16-60-115, which specifically addresses proper venue for an action against a surety on a contractor's payment or performance bond, trumps the general venue provision of the Arkansas Insurance Code fixing venue for any action against any type of insurer. See, e.g., Bd. of Trustees for City of Little Rock Police Dep't. Pension and Relief Fund v. Stodola, 942 S.W.2d 255, 258 (Ark. 1997) (applying rule of statutory construction that the specific controls over the general).[7]

---

[7]Because we conclude that the general venue provision is inapplicable to Servewell's claim, we express no opinion as to whether it or any other provision of the Arkansas Insurance Code could qualify as a "strong public policy" under Bremen. See, e.g., Interamerican Trade Corp. v. Companhia Fabricadora De Pecas, 973 F.2d 487, 490 (6th Cir. 1992) (enforcing forum selection clause notwithstanding Ohio policy of protecting local businesses from victimization by nonresident businesses for failure to pay commissions); Lien Ho Hsing Steel Enter. Co. v. Weihtag, 738 F.2d 1455, 1460 (9th Cir. 1984) (holding that "statute defining the limits of Hawaiian courts' jurisdiction does not, in itself, express a 'strong policy' that insurance cases must be tried locally despite a clause in the insurance contract to the contrary").

Unlike the mandatory language of the Arkansas Insurance Code's venue statute, the specific venue statute applicable to Servewell's action against Federal is permissive. Compare Ark. Code Ann. § 16-60-115 ("may be brought") with Ark. Code Ann. § 23-79-204(a)(1) ("shall be brought"). We are unconvinced that such a permissive venue statute constitutes the kind of "strong public policy" sufficient to invalidate a forum selection clause under Bremen, since the primary purpose of a forum selection clause is to opt out of the default venue set by such statutes. Moreover, invalidating a forum selection clause because it conflicts with a statutory venue provision ignores the strong countervailing public policy in favor of holding parties to their agreements, which a court in similar circumstances has described as the "dominant policy in contract cases . . . the better to promote commerce." Omron Healthcare, Inc. v. Maclaren Exports Ltd., 28 F.3d 600, 603 (7th Cir. 1994) (enforcing forum selection clause over plaintiff's objection that the clause offended strong public policy of federal securities laws); cf. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 740 (8th Cir. 1989) (en banc) (holding that Minnesota policy in favor of enforcing parties' agreements outweighed Minnesota policy of offering franchisees remedies greater than those available at common law) superseded in statute as stated in Commercial Prop. Inv., Inc. v. Quality Inns Int'l, 938 F.2d 870, 874 (8th Cir. 1991). Because Servewell's reliance on Arkansas public policy fails to overcome the strong presumption of enforceability that attaches to an agreed-to forum selection clause, we decline its invitation to excuse it from its bargain.

The judgment of the district court is affirmed.[8]

_____

[8]Although Federal asks us to modify the dismissal from one without prejudice to one with prejudice, it cites no authority in support of its request. We therefore will not indulge its request.