# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-1315

_____

Union Electric Company, doing business as Ameren UE

*Plaintiff - Appellant*

v.

Energy Insurance Mutual Limited

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2011
Filed: August 27, 2012

_____

Before MELLOY, SMITH, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

In this diversity action filed in the United States District Court for the Eastern District of Missouri, Union Electric Company ("Union Electric") appeals the district court's grant of Energy Insurance Mutual Limited's ("EIM") motion to dismiss. While the district court correctly determined that M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), provides the standard for evaluating a motion to dismiss based on a contractual forum selection clause, we reverse and remand for the district court to

consider in the first instance whether the State of Missouri's public policy against the enforcement of mandatory arbitration provisions invalidates the forum selection clause.

I.

This diversity case is an insurance dispute between Union Electric, a Missouri public utility, and EIM, a mutual insurance company incorporated in Barbados and with a principal place of business in Florida. Union Electric is one of over 150 member insureds of EIM. The insurance contract at issue in this case—which specifies that New York law applies—was drafted by the member insureds, in contrast to the insurer-drafted contracts commonly found in insurance disputes.

Union Electric owns and operates the Taum Sauk hydroelectric power plant, which is located in Reynolds County, Missouri. In December of 2005, the Taum Sauk's upper reservoir suffered a catastrophic breach, causing extensive damage to the surrounding area. EIM, as Union Electric's second-layer excess liability insurer, refused to pay under Union Electric's insurance policy. On June 28, 2010, Union Electric brought suit against EIM, seeking $32 million in damages for breach of contract and vexatious refusal to pay. EIM moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(3) and (6), arguing that venue was improper because the contract between EIM and Union Electric contains a forum selection clause specifying that the United States District Court for the Southern District of New York shall have exclusive jurisdiction over any case between the parties. That clause states in full:

> To the extent that any claim or controversy between the Insured and the Company hereunder is not subject to arbitration for any reason whatsoever, the United States District Court for the Southern District of New York shall have exclusive jurisdiction thereof.

In addition, EIM moved to dismiss under Rule 12(b)(6), arguing that another clause in the contract between the two companies required a "mini-trial" as a condition precedent to bringing suit. EIM argued to the district court that, because Union Electric failed to participate in a mini-trial prior to filing the present action, the complaint failed to state a claim.[1]

The district court granted EIM's motion on both grounds. As to the mini-trial issue, the court relied on the "[s]everal courts [that] have determined that dismissal of an action is warranted when there has been a failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to litigation." Order at 4. As to the forum selection clause, the court applied federal law as articulated in Bremen, which states that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." Bremen, 407 U.S. at 10. The district court found the forum selection clause enforceable under Bremen and dismissed the case, though the court did not specify whether the dismissal was under 12(b)(3) or, instead, under 12(b)(6). Union Electric now appeals the district court's dismissal, as to both the forum selection clause issue and the mini-trial issue. This court has jurisdiction to hear Union Electric's appeal under 28 U.S.C. § 1291.

II.

We review the district court's decision to enforce a forum selection clause for an abuse of discretion. Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 788 (8th Cir. 2006). "A district court abuses its discretion when it applies an incorrect legal standard," Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003), and "we review whether the district court applied the correct legal standard in exercising that

_____

[1]The mini-trial provision reads, in part: "In the event of any dispute between the Insured and the Company as to any matters arising out of or relating to any provision of this Policy, the parties shall attempt to resolve the dispute by use of a mini-trial."

discretion de novo," Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 714 (8th Cir. 2008).

As a preliminary matter, we must determine whether the district court was correct in applying federal law to the Rule 12 motion to dismiss. As in M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750 (8th Cir. 1999), "the parties here do not argue the state and federal standards differ." Id. at 752. Further, the parties have not challenged the applicability of federal law to this issue, and they assume that federal law applies. Accordingly, the district court did not err in applying federal law to determine the enforceability of the forum selection clause, and we likewise apply federal law in reviewing the enforceability of the forum selection clause in this case. See Rainforest Café, Inc. v. EklecCo, LLC, 340 F.3d 544, 546 (8th Cir. 2003) ("Because the parties have not argued that state law would result in a materially different outcome, we indulge their suggestion that we interpret the forum selection clause under federal law.").

Union Electric's primary challenge to the district court's decision on the forum selection clause issue is that, when a case complies with the applicable venue statute—in this case, 28 U.S.C. § 1391—the district court cannot give effect to a valid forum selection clause specifying venue in another federal district court by dismissing the case under Rule 12 and the standard articulated in Bremen. Instead, according to Union Electric, Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22 (1988), specifies that transfer under 28 U.S.C. § 1404(a) is the only available procedural device to give effect to a forum selection clause that specifies another federal district court, thus replacing the stringent standard from Bremen with the more lenient and fact-specific approach found in § 1404(a). See Stewart, 487 U.S. at 29–30 ("Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness. A motion to transfer under § 1404(a) thus calls on the district court to weigh in the balance a number of case-specific factors." (internal marks and citation

-4-

omitted)).  Union Electric thus urges us to read <u>Stewart</u> as creating a per se ban on clause-based dismissals when the forum selection clause specifies suit in another federal district court.  Union Electric argues that, under this reading of <u>Stewart</u>, the district court abused its discretion when it applied <u>Bremen</u> in evaluating EIM's motion.

EIM disagrees, arguing that precedent from this court, as well as from the Supreme Court, establishes the propriety of clause-based dismissals under Rule 12 and <u>Bremen</u>.  EIM cites to what it describes as "numerous cases from this Court [that] have affirmed the use of a Rule 12(b) dismissal to enforce a forum selection clause." Appellee's Br. at 36 (citing <u>Servewell</u>, 439 F.3d at 786; <u>M.B. Rests.</u>, 183 F.3d at 750; <u>Marano Enters. of Kan. v. Z-Teca Rests., L.P.</u>, 254 F.3d 753, 753 (8th Cir. 2001); and <u>Rainforest Café</u>, 340 F.3d at 544).  As an initial matter, EIM is correct to observe that these cases establish that Rule 12 is indeed an appropriate vehicle for enforcing a forum selection clause.[2]  As to <u>Stewart</u>'s relevance to this case, the Second Circuit recently rejected the very argument Union Electric now makes, noting that the motion before the Court in <u>Stewart</u> was a transfer motion, not a dismissal motion: "<u>Stewart</u>, therefore, applied § 1404(a) because a § 1404(a) motion was before the Court." <u>TradeComet.com LLC v. Google, Inc.</u>, 647 F.3d 472, 477 (2d Cir. 2011).  We agree. There is authority supporting the district court's ability to sua sponte transfer a case under § 1404(a).  <u>See</u> <u>I-T-E Circuit Breaker Co. v. Becker</u>, 343 F.2d 361, 363 (8th Cir. 1965) (per curiam) ("[S]ubsection (a) of § 1404 is without any limiting language as to the power of the district court to transfer a civil action to another district such as is contained in subsection (b) . . . ."); <u>Graham Const. Services, Inc. v. Hammer & Steel, Inc.</u>, No. 4:11-cv-020, 2011 WL 3236083 at *5 (D.N.D. July 27, 2011) (unpublished); 14D Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3844

---

[2]We need not decide which subsection of Rule 12—either 12(b)(3) or 12(b)(6)—is the appropriate vehicle for dismissal based on a contractual forum selection clause, as EIM moved under both subsections before the district court.  <u>See</u> <u>Rainforest Café</u>, 340 F.3d at 545–46 n.5.

n.2 (collecting cases). However, the reasoning in Stewart "nowhere *requires* a court to consider a forum selection clause pursuant to § 1404(a)." TradeComet.com, 647 F.3d at 477. But see Incompass IT, Inc. v. XO Commc'ns Servs., Inc., No. 11-570, 2011 WL 2037603, at *2 (D. Minn. May 24, 2011) ("[T]he [Stewart] Court determined that a federal court sitting in diversity jurisdiction should treat a request to enforce a forum-selection clause as a motion to transfer venue under 28 U.S.C. § 1404(a).").

Because there was no dismissal motion on appeal before the Stewart Court, that case cannot be read to invalidate such motions. See TradeComet.com, 647 F.3d at 478 (collecting cases). But see Wright & Miller, supra, at § 3803.1 ("Thus, the Supreme Court in Stewart held that a federal court sitting in diversity jurisdiction should treat a request to enforce a forum selection clause that permits venue in another federal district as a motion to transfer venue under the federal venue statute, the terms of which are set out in Section 1404(a) . . . . Thus, in a diversity case, a forum selection clause should be considered by the district court only within the context of consideration of a Section 1404(a) motion to transfer."). Indeed, the Stewart Court went to great pains to make clear that "the first question for [the lower court's] consideration should have been whether § 1404(a) itself controls respondent's request to give effect to the parties' contractual choice of venue"—not because § 1404(a) somehow controls all motions based on a forum selection clause, but instead for a much simpler reason: because "the immediate issue before the District Court was whether to grant respondent's motion to transfer the action under § 1404(a)." Stewart, 487 U.S. at 28–29; see also Kerobo v. Sw. Clean Fuels Corp., 285 F.3d 531, 540 (6th Cir. 2002) (Bertelsman, District Judge, dissenting) ("Stewart did not hold that a motion to dismiss is always improper if venue under the federal venue statutes is correct."). Union Electric cites a leading treatise and a recent district court opinion for the proposition that, if "the forum selection clause permits venue in another federal district, . . . the Stewart decision instructs courts to use the Section 1404(a) balancing test, even if, as in Stewart, the movants ask for the suit to be dismissed for improper

venue pursuant to the forum clause." Wright & Miller, supra, at § 3803.1; see also Janson v. LegalZoom.com, Inc., 727 F. Supp. 2d 782, 785 (W.D. Mo. 2010) ("If venue is proper in a district court and a forum selection clause permits venue in another federal district court, 28 U.S.C. § 1404(a) governs the question of whether the Court should give effect to that clause and dismissal is not proper."). But this is an untenable reading of Stewart because there was no dismissal motion before the Court in that case.

Our conclusion regarding the availability of clause-based dismissal also disposes of Union Electric's argument that the standards articulated in Stewart control the enforcement of forum selection clauses. While Stewart undoubtedly guides the resolution of § 1404(a) transfer motions, case law from the Supreme Court as well as from this court makes clear that, when ruling on a clause-based dismissal motion, a district court should apply the standard articulated in Bremen.

In Bremen, the defendant moved to dismiss for lack of jurisdiction or, alternatively, on the grounds of forum non conveniens. The Court described the "threshold question [before the district court as] whether that court should have exercised its jurisdiction to do more than give effect to the legitimate expectations of the parties, manifested in their freely negotiated agreement, by specifically enforcing the forum clause." Bremen, 407 U.S. at 12. According to the Supreme Court, "[t]he correct approach [is] to enforce the forum clause specifically unless [it can be] clearly show[n] that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 15.

Union Electric argues that Bremen is inapplicable to diversity cases because it was decided under the Court's admiralty jurisdiction. While that position finds some

support in this circuit's case law, as well as in decisions of the Supreme Court,[3] we nevertheless conclude that <u>Bremen</u> cannot be strictly limited to admiralty. Importantly, this court has unambiguously stated that <u>Bremen</u> applies to both admiralty and diversity jurisdiction: "Analyzing this case as both an admiralty case and a diversity case, we reach the same result under the federal law of <u>The Bremen</u>." <u>Sun World Lines v. March Shipping Co.</u>, 801 F.2d 1066, 1068 (8th Cir. 1986), <u>receded from by</u> <u>Farmland</u>, 806 F.2d at 852. Indeed, the Supreme Court cited to a non-admiralty case when framing the issue in <u>Bremen</u>. <u>Bremen</u>, 407 U.S. at 1 n.1 (citing <u>Cent. Contracting Co. v. Md. Cas. Co.</u>, 367 F.2d 341 (3d Cir. 1966)).

Accordingly, a district court sitting in diversity jurisdiction and applying federal law must apply the standard articulated in <u>Bremen</u> to the question of whether to enforce a forum selection clause through dismissal.

III.

Union Electric argues that even if the <u>Bremen</u> standard controls, reversal is appropriate because the district court misapplied <u>Bremen</u> when it failed to consider whether enforcement of the forum selection clause would contravene public policy. As mentioned above, we review the district court's decision to enforce a forum selection clause for an abuse of discretion. <u>Servewell</u>, 439 F.3d at 788. While the district court cited the correct legal standard, we agree with Union Electric that the district court incorrectly applied that standard. Specifically, the district court failed

---

[3]<u>See</u> <u>Stewart</u>, 487 U.S. at 28–29 (citing <u>Texas Indus., Inc. v. Radcliff Materials, Inc.</u>, 451 U.S. 630, 641-642 (1981), for the proposition that "federal common law developed under admiralty jurisdiction [is] not freely transferable to [the] diversity setting."); <u>Terra Int'l, Inc. v. Miss. Chem. Corp.</u>, 119 F.3d 688, 696 n.10 (8th Cir. 1997); <u>Farmland Indus. v. Frazier-Parrott Commodities, Inc.</u>, 806 F.2d 848, 852 (8th Cir. 1986), <u>abrogated on other grounds by</u> <u>Lauro Lines s.r.l. v. Chasser</u>, 490 U.S. 495 (1989).

to give due consideration to Missouri's public policy, and we therefore reverse and remand the case to the district court.

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., 183 F.3d at 752 (citing Bremen, 407 U.S. at 15). "Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." Servewell, 439 F.3d at 789 (quoting Bremen, 407 U.S. at 17). While "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause," M.B. Rests., 183 F.3d at 753, a party can avoid enforcement of the clause by showing that proceeding "'in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,'" Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 727 (8th Cir. 2001) (quoting Bremen, 407 U.S. at 18); see also Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590–95 (1991). While Bremen provides the proper analysis for determining the enforcability of a forum selection clause, in this circuit, consideration of the public policy of the forum state must be part of that analysis. Farmland, 806 F.2d 848, 852 ("Because of the close relationship between substance and procedure" in forum selection clause analysis and enforcement, "consideration should [be] given to the public policy of" the state.).

Union Electric argues that Missouri has a strong public policy in favor of litigating this dispute in Missouri in light of the magnitude of the environmental damage the reservoir's breach caused. According to Union Electric, enforcement of the forum selection clause would contravene that public policy. In addition, Union Electric argues that "enforcement of the forum selection clause would likely vitiate Missouri's public policy invalidating mandatory arbitration provisions in insurance

agreements," Appellant Br. at 35, because "[u]nder New York law, unlike Missouri law, arbitration provisions in insurance contracts are enforceable," id. at 40.[4]

The district court held that Union Electric "failed to meet its heavy burden of proof to set aside the forum selection clause in the insurance contract." Order at 8. The district court failed, however, to address Union Electric's argument that enforcement of the forum selection clause in favor of New York courts would result in enforcement of the mandatory arbitration provision, thereby contravening Missouri's public policy against the enforcement of such provisions. See Sturgeon v. Allied Prof'ls Ins. Co., 344 S.W.3d 205, 210 (Mo. Ct. App. 2011) (footnote omitted) (stating that the enforcement of mandatory arbitration provisions "would be contrary to Missouri public policy, because Section 435.350 of the Missouri Arbitration Act prohibits mandatory arbitration provisions in insurance contracts."). The district court's failure to address Missouri's public policy concerning mandatory arbitration provisions in insurance contracts pursuant to Farmland constituted an abuse of discretion. Farmland, 806 F.2d at 852 ("[C]onsideration should be given to the public policy of Missouri forbidding forum selection clauses."). Accordingly, we reverse and

---

[4]EIM argues that any public policy Missouri may have regarding the enforceability of mandatory arbitration provisions is irrelevant to the public policy analysis in this case, because the clause at issue is not an arbitration provision but rather a forum selection clause. Thus, while § 435.350 of the Missouri Arbitration Act may constitute a legislatively-enacted public policy specifically with regard to arbitration provisions, there is no such legislatively-enacted public policy with regard to forum selection clauses. Even assuming that the public policy considerations relevant under Bremen are as narrow as EIM suggests, the argument nevertheless fails in light of the Supreme Court's statement that "[a]rbitration provisions, this Court has noted, are a species of forum-selection clauses." Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 130 S. Ct. 1758, 1783 (2010). Thus, § 435.350 of the Missouri Arbitration Act may in fact constitute a public policy with regard to not only arbitration provisions but also forum selection clauses.

remand[5] the case to the district court to consider in the first instance whether Missouri's public policy against enforcement of mandatory arbitration provisions is sufficient to invalidate the forum selection clause under Bremen.

_____

[5]We do not reach the issue of whether the district court correctly dismissed the case on the mini-trial issue. On remand, after conducting its Bremen analysis—which will include a consideration of Missouri's public policy with regard to mandatory arbitration provisions in insurance disputes—the district court can address whether the mini-trial issue is ancillary to the arbitration provision.