# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3840

_____

Gerald M. Dunne,                          *
                                          *
          Appellant,                      *
                                          *   Appeal from the United States
     v.                                   *   District Court for the Eastern
                                          *   District of Missouri.
Peter E. Libbra,                          *
                                          *   [UNPUBLISHED]
          Appellee.                       *

_____

Submitted:   June 02, 2003
Filed:       June 6, 2003

_____

Before MELLOY, FAGG, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

     Dunne appeals the district court's dismissal of his diversity action under a contract's forum selection clause.  We reverse.

     In the fall of 2000, Libbra and his attorney solicited Dunne in Missouri to discuss Dunne's possible purchase of Libbra's fifty-one percent ownership interest in Prairieland Construction, Inc., a Delaware Corporation with its headquarters in Illinois.  Communication, meetings, and due diligence reviews concerning the

possible purchase continued through the fall of 2001, at which time the parties executed a series of documents to consummate the sale. One of the documents, a stock purchase agreement, contained a forum selection clause that lies at the center of the present dispute.

Over the course of the next year, Dunne fell behind in his payments to Libbra. Eventually, Libbra sent Dunne a default notice. Dunne responded by filing the present diversity action alleging misrepresentation and seeking a declaratory judgment, permanent injunction, and damages. Libbra, in turn, filed an action in Illinois state court alleging that Dunne breached each of the separate contracts related to the sale. Libbra, relying on the forum selection clause from the stock purchase agreement, moved to dismiss Dunne's diversity action based on lack of personal jurisdiction and/or improper venue.

The forum selection clause provides, "[t]his agreement shall be governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction to [sic] the state courts of the State of Illinois." The only issue on appeal is a legal issue of contract construction, namely, whether the forum selection clause is mandatory such that an action on the contract may be maintained only in Illinois state court, or whether the clause is merely permissive such that an action on the contract may be maintained in other reasonably convenient forums where personal jurisdiction exists. Our review on this legal issue of contract construction is de novo. Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 692 (8th Cir. 1997) .

The district court found the forum selection clause ambiguous, neither clearly permissive nor clearly mandatory. Applying the general principle of contract construction that no provision of a contract should be interpreted in a manner that would render it surplusage, the district court concluded that, because personal jurisdiction in Illinois existed even without the forum selection clause, treatment of

2

the forum selection clause as merely permissive would render the forum selection clause wholly redundant and therefore mere surplusage. Accordingly, the district court held the forum selection clause mandatory rather than permissive. We disagree.

As an initial matter, we note that neither forum is inconvenient for either party. In addition, we assume for the purpose of this decision that Missouri and Illinois enjoy personal jurisdiction over the parties even without the forum selection clause.[1] Libbra is an Illinois resident. Libbra maintained extensive contacts within the state of Missouri related to the formation and performance of the contract. Libbra repeatedly met with Dunne in Missouri and repeatedly directed communications to Dunne in Missouri. Further, the contract at issue involved the sale of a fifty-one percent ownership interest in a construction firm that was formed under Delaware law, headquartered in Illinois, and involved with numerous ongoing construction projects throughout the state of Missouri.

Dunne is a Missouri resident and an attorney licensed in Illinois and Missouri. He has substantial, general contacts with Illinois by virtue of his role as a licensed attorney who appears regularly in the courts of Illinois. He has substantial contacts with Illinois that are specific to the subject matter of this dispute. It appears that his contract with Libbra is substantially connected with Illinois and concerns the transfer of ownership of a thing of value that is present in Illinois, as required to satisfy the requirements of Illinois' long-arm statute. See 735 Ill. Comp. Stat. 5/2-209(a)(7) and (10) (stating that jurisdiction exists upon the making or performance of a contract substantially connected with Illinois or involving the transfer of "ownership, possession or control of any asset or thing of value present within [Illinois] when . . . acquired"). Taken together, each party's contacts with its non-domiciliary forum

_____

[1]The district court did not reach this issue. We leave to the district court on remand the issues of whether there is jurisdiction in Missouri and whether there are other grounds to dismiss or transfer the case.

3

appear to provide the requisite minimum contacts and satisfy the "traditional notions of fair play and substantial justice" as set forth generally in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 319 (1945), and its progeny, and as set forth specifically in the context of contract disputes in <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472-479 (1985).

The stock purchase agreement states that it "shall" be construed in accordance with Illinois law. Applying Illinois law to construe the contract, it is clear that "[a] contract's language must be given its plain and ordinary meaning if possible." <u>In re Marriage of Ackerley</u>, 775 N.E.2d 1045, 1059 (Ill. App. Ct. 2002) (citing <u>Owens v. McDermott, Will & Emery</u>, 736 N.E.2d 145, 150 (Ill. App. Ct. 2000)); <u>Dowd & Dowd, Ltd. v. Gleason</u>, 693 N.E.2d 358, 368 (Ill. 1998) ("The terms of an agreement, if not ambiguous, should generally be enforced as they appear . . . and those terms will control the rights of the parties.") (citations omitted). Applying this cardinal rule to the forum selection clause, we find no language that has an ordinary meaning that would suggest exclusivity. Unlike the immediately preceding choice of law provision, which unambiguously mandates the application of Illinois law for the purpose of construing the contract, the forum selection clause does not employ the term "shall." Similarly, the forum selection clause does not use the words "exclusive," "only," "must," or any other terms that might suggest exclusivity. With no plain language basis to support a finding of exclusivity, we do not view the forum selection clause as ambiguous. With no ambiguity, it is not necessary to resort to other principals or canons of contract interpretation as urged by Libbra. The forum selection clause is permissive.

Even if there were an ambiguity to justify reliance on lesser rules of contract interpretation, we would reject Libbra's challenge. Under substantive Illinois contract law, "any ambiguity in the terms of a contract must be resolved against the drafter of the disputed provision." <u>Dowd & Dowd</u>, 693 N.E.2d at 368. It is undisputed that Libbra's attorneys drafted the stock purchase agreement. Accordingly, we would not

4

be inclined to resolve the alleged ambiguity in Libbra's favor and infer exclusivity.

In addition, we disagree with Libbra's argument that the forum selection clause becomes surplusage if read as permissive rather than mandatory. A permissive forum selection clause in a negotiated contract between sophisticated actors is a risk management tool. With such a clause, a defendant is more strongly deterred from challenging personal jurisdiction in a suit that is filed in the consented-to-jurisdiction than he or she would be if such a clause were absent. This is the case even if it is later determined that jurisdiction would have been proper in the consented-to-jurisdiction under a traditional minimum contacts analysis. The presence of the clause avoids the need to rely solely on the traditional minimum contacts analysis by providing a second, stronger basis for jurisdiction thereby minimizing the risk that anything more than a frivolous challenge to jurisdiction may arise.

The order of the district court is reversed and this matter is remanded. In light of our decision, we deny as moot Libbra's pending motion to strike the new arguments raised in Dunne's reply brief.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT