# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3829

_____

Rainforest Cafe, Inc.,         *
                                       *

         Appellant,        *
                                         *   Appeal from the United States
    v.                               *   District Court for the
                                         *   District of Minnesota.
EklecCo, L.L.C.,           *
                                         *

         Appellee.         *

_____

Submitted:  June 13, 2003

Filed:  August 15, 2003

_____

Before RILEY,  and HEANEY, Circuit Judges,  and ERICKSEN,[1] District Judge.

_____

HEANEY, Circuit Judge.

Rainforest Cafe, Inc. (Rainforest) appeals from the district court's order dismissing its declaratory judgment action against EklecCo L.L.C. (EklecCo) on the ground that the proper venue for the suit was New York Supreme Court.  We affirm.

_____

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota, sitting by designation.

## BACKGROUND

Rainforest is a Minnesota corporation that operates a chain of theme restaurants. EklecCo is a real estate development company that operates the Palisades Center Mall in Clarkstown, New York. In 1996, Rainforest and EklecCo agreed that Rainforest would open one of its restaurants at the Palisades Center Mall. On August 7, 1996, EklecCo and a wholly owned subsidiary of Rainforest named Rainforest Cafe, Inc.-Lightning (Lightning) entered into a ten-year lease agreement. Rainforest guaranteed the first three years of Lightning's obligations under the lease. The lease contained a forum selection clause which states:

> This Lease, and any dispute concerning this Lease, shall be governed by the laws of the state of New York and any dispute concerning the application or any interpretation of any portion of the Lease or the conduct of the parties shall be brought in the New York Supreme Court, Onondaga County.

(Appellee's App. at 47.)

On December 29, 1996, EklecCo and Lightning entered into an assignment agreement whereby another Rainforest subsidiary, Rainforest Cafe, Inc.-Mist (Mist) assumed Lightning's rights and obligations under the Palisades Center lease.[2] On April 15, 1998, a number of Rainforest subsidiaries, including Lightning, were merged into Mist, leaving Mist as the surviving corporation. On September 21, 2000, Rainforest merged Mist and another subsidiary into itself, leaving Rainforest as the surviving corporation.

---

[2]Mist limited its liability under this assumption agreement to only those assets and accounts receivable related to the operation of its Palisades Center restaurant. As part of the agreement, however, Lightning continued to have full, unlimited liability under the lease as if no assignment had been made.

Meanwhile, the restaurant operating in the Palisades Center Mall was not performing as Rainforest had hoped. Eventually, a dispute arose as to what Rainforest's obligations were under the lease. EklecCo advised Rainforest that as a result of its corporate restructurings, it was now in the position of Lightning, the original tenant. Thus, EklecCo maintained that Rainforest had become fully liable for the entire ten-year lease, rather than simply a guarantor for the first three years of the term.[3]

After receiving word of EklecCo's position, Rainforest filed Articles of Correction with the Minnesota Secretary of State, contending that it had mistakenly merged Lightning into Mist, and seeking to correct the matter by deleting reference to Lightning in its 1998 merger documents. Once the Secretary of State certified Rainforest's Articles of Correction, Rainforest instituted this declaratory judgment action in Minnesota state court, naming EklecCo as the sole defendant.[4] For relief, Rainforest requested "[a] declaration that Rainforest is not the successor by merger to the liabilities and obligations of Lightning including those arising from the lease with EklecCo." (Appellant's App. at 107.)

---

[3]The issue of the parties' obligations under the lease is not before this court.

[4]EklecCo timely removed the matter to the district court based on the parties' diversity of citizenship.

EklecCo moved to dismiss based on improper venue.[5] The matter was referred to a magistrate who recommended that EklecCo's motion be granted because the case was essentially about the obligations of the parties under a lease for New York property. The magistrate also recognized that the lease stated the proper forum for lease disputes or issues concerning the conduct of the parties was Onondaga County, New York. The district court adopted the magistrate's report and recommendation and dismissed the suit. This appeal followed.

## ANALYSIS

Both the magistrate and the district court determined Minnesota was not the appropriate venue for this action pursuant to 28 U.S.C. § 1391. Rainforest does not argue that the lower court erred generally in its analysis under § 1391, but instead limits its argument to the applicability of the forum selection clause in the lease.[6] Thus, "[t]he only issue on appeal is a legal issue of contract construction," Dunne v. Libbra, 330 F.3d 1062, 1063 (8th Cir. 2003), which we review de novo, Terra Int'l, Inc. v. Miss. Chem. Corp., 119 F.3d 688, 691-92 (8th Cir. 1997).

---

[5]Rainforest moved to dismiss under Rules 12(b)(3) and 12(b)(6) of Civil Procedure. Although not addressed below, we recognize that there is some controversy as to whether Rule 12(b)(3) or 12(b)(6) is the proper vehicle for bringing a motion to dismiss based on improper venue when the issue turns on a forum selection clause in the parties' underlying contract. See Kerobo v. Southwestern Clean Fuels, Corp., 285 F.3d 531, 534-36 (6th Cir. 2002) (noting circuit split as to whether motion to dismiss based on forum selection clause should be brought pursuant to 12(b)(3) or 12(b)(6)). The question appears to be open in this circuit, and we need not address it in this appeal since EklecCo has moved under both subsections of Rule 12.

[6]Rainforest does not argue to this court that the forum selection clause is invalid or unenforceable. It solely contends that this declaratory judgment suit is beyond the scope of the clause.

-4-

In this case, both parties operate under the assumption that federal law controls the question of whether this forum selection clause applies. We are inclined to agree, see Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 31-32 (1988) (holding that in diversity cases, federal law governs determination of what effect to give forum selection clause in contract), but acknowledge that this appears to be an open question, see M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 n.4 (8th Cir. 1999) (noting circuit split on issue of whether interpretation of forum selection clauses in diversity cases is substantive or procedural issue and leaving matter undecided in Eighth Circuit); see also Excell, Inc. v. Sterling Boiler & Mech., Inc., 106 F.3d 318, 320-21 (10th Cir. 1997) (leaving open the question of whether state or federal law controls validity and interpretation of forum selection clauses). Because the parties have not argued that state law would result in a materially different outcome, we indulge their suggestion that we interpret the forum selection clause under federal law. Accord M.B. Rests., Inc., 183 F.3d at 752.

Rainforest, through its subsidiary Lightning, entered into a lease that contains a mandatory forum selection clause. The clause requires that "any dispute concerning the application or any interpretation of any portion of the Lease or the conduct of the parties *shall* be brought in the New York Supreme Court, Onondaga County." (Appellee's App. at 47 (emphasis added).) Rainforest asserts that this declaratory judgment action is not about the lease, nor about the conduct of the parties, but rather only concerns what effect Rainforest's myriad restructurings have had on its obligations. This argument is specious at best. First, Rainforest is not merely asking the court to define the scope of its general obligations. In its complaint, its only specific prayer for relief is "[a] declaration that Rainforest is not the successor by merger to the liabilities and obligations of Lightning *including those arising from the lease with EklecCo*." (Appellant's App. at 107 (emphasis added).) The complaint is captioned as an action between only two parties: Rainforest as plaintiff, and EklecCo as defendant, seeking to resolve a dispute between those parties. Essentially, Rainforest commenced a lawsuit concerning the parties conduct vis-a-vis the lease,

-5-

and sought a declaration that directly deals with the lease.  These issues are squarely covered by the forum selection clause, and we thus hold the district court did not err in dismissing the suit for improper venue.

## CONCLUSION

For the reasons stated herein, we affirm the district court.  Having considered EklecCo's pending motion to strike sections of Rainforest's brief, we deny the motion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.