**ZAMORA ENTERTAINMENT, INC., La Ley Radio Station, and Joel Garcia, an individual, Plaintiffs,**

v.

**WILLIAM MORRIS ENDEAVOR ENTERTAINMENTS, L.L.C., Temerarios International Tours, Inc., and Los Temerarios, Defendants.**

No. 4:09–cv–344 RP–RAW.

United States District Court, S.D. Iowa, Central Division.

Oct. 23, 2009.

Brooke Suter Van Vliet, Brick Gentry Bowers Swartz & Levis PC, West Des Moines, IA, for Plaintiffs.

Anthony R. Lopez, Law Offices of Lopez & Associates, Beverly Hills, CA, John H. Moorlach, Whitfield & Eddy PLC, Gregory A. Witke, Scott Wormsley, Bradshaw Fowler Proctor & Fairgrave, Des Moines, IA, Michael Brian Garfinkel, Paul Anthony Rigali, Venable LLP, Los Angeles, CA, for Defendants.

## ORDER

ROBERT W. PRATT, Chief Judge.

Before the Court is a Motion to Dismiss, or in the alternative, Motion to Change Venue, filed by Defendant Temerarios International Tours, Inc. ("Defendant") on September 19, 2009.[1] Defendant specifically requests that the Court dismiss Plaintiffs' action pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue, or alternatively, transfer the case to the Central District of California pursuant to 28 U.S.C. § 1404(a). Clerk's No. 5. Plaintiffs, Zamora Entertainment, Inc., La Ley Radio Station, and Joel Garcia (collectively "Plaintiffs") filed a resistance to the motion on October 6, 2009. Clerk's No. 12. Defendant filed a Reply on October 19, 2009. Clerk's No. 16. The matter is fully submitted.

## I. FACTUAL BACKGROUND

Plaintiffs filed the present action in the Iowa District Court for Polk County on July 16, 2009. *See* Clerk's No. 1. Defendant William Morris Endeavor Entertainment, L.L.C. was served with Plaintiffs' state court petition (hereinafter "Complaint") on August 5, 2009, and removed the action to federal court on the basis of diversity jurisdiction[2] on September 3, 2009. *Id.* In their Complaint, Plaintiffs allege that they entered into a contract with Defendants whereby the musical group, "Los Temerarios," would perform at the Val Air Ballroom in West Des Moines, Iowa on May 3, 2009. Compl. ¶¶ 9–11. Plaintiffs assert that they paid an initial deposit of $25,000.00 to secure Los Temerarios' performance and that they incurred additional substantial expenses in preparing and fulfilling all of the Contract and Rider terms prior to the scheduled performance. *Id.* ¶¶ 12–16. According to Plaintiffs, on May 3, 2009, immediately before the performance was to

---

1. Defendant William Morris Endeavor Entertainment filed a joinder in the Motion on October 16, 2009. Clerk's No. 15.

2. The Notice of Removal alleges that the parties are completely diverse, and that the amount in controversy exceeds the jurisdictional requisite, as required by 28 U.S.C. § 1332. *See* Clerk's No. 1.

begin, Los Temerarios refused to perform, breaching the Contract and Rider without notice. *Id.* ¶ 18. Plaintiffs allege that they have demanded redress for Defendants' breach of the contract, but have been unsuccessful. *Id.* ¶¶ 20–24. Plaintiffs' Complaint, therefore, asserts causes of action for Breach of Contract (Count I) and for Interference with Existing Contractual Relations (Count II). *See generally id.*

Plaintiffs' Complaint alleges that "[a] true and accurate copy of the Contract is attached [to the Complaint] as Exhibit A and is incorporated [into the Complaint] by reference." *Id.* ¶ 10. Additionally, Plaintiffs allege that "[a] true and accurate copy of the Rider is Attached [to the Complaint] as Exhibit B and is incorporated [into the Complaint] by reference." *Id.* ¶ 14. Two provisions of the Contract and Rider are of primary relevance to the dispute now before the Court. First, section Q(3) of the Contract provides:

> This Agreement shall be construed in accordance with the laws of the State of California applicable to agreements entered into and wholly to be performed therein. Unless stipulated to the contrary in writing, all disputes arising out of this Agreement, wherever derived, shall be resolved in Los Angeles County in the State of California in accordance with the laws of that State. In the event of any such dispute, either party may effect service of process on the other party by certified mail, return receipt requested, and said service shall be equivalent to personal service and shall confer personal jurisdiction on the courts in Los Angeles County in the State of California and shall be deemed effective upon the earlier of the recipient's mail receipt date or ten (10) days after mailing of such process. . . .

Clerk's No. 1, Ex. A at 8. Second, section 15 of the "Los Temerarios Rider" provides:

> CHOICE OF LAW AND FORUM/ATTORNEY'S FEES
> *This Rider and Contract shall be deemed made and entered into in the State of California and shall* be governed by the laws of such State applicable to contracts entered into and wholly to be performed therein. The State or Federal courts located in Los Angeles County, California shall have exclusive jurisdiction over any disputes arising hereunder and the parties hereto agree to submit to the jurisdiction of these courts. In such event, the prevailing party to such dispute shall have the right to be reimbursed by the other party for its reasonable attorneys' fees.

*Id.,* Ex. B at 17.

Several other provisions of the Contract bear mention, as well. The first page of the Contract explicitly provides: "ARTIST RIDER AND ADDENDA ATTACHED HERETO HEREBY MADE A PART OF THIS CONTRACT." *Id.,* Ex. A. at 1. The Contract further states:

> PURCHASER [Zamora Entertainment] hereby engages the PRODUCER [Temerarios International Tours, Inc.] to furnish the services of the ARTIST [Los Temerarios] for the Engagement (as described herein) upon all the terms and conditions herein set forth, including, without limitation, Addendum "A" (Additional Terms and Conditions), the Artist Rider, and any other PRODUCER addenda, referenced herein (if any), all of which are attached hereto and fully incorporated herein by reference.

*Id.* Additionally, the Contract states: "In the event of any inconsistency or conflict between the provisions of this Agreement and the provisions of any riders, addenda, exhibits or any other attachments hereto, the parties agree that the provisions most

favorable to PRODUCER and ARTIST shall control." *Id.* at 8. Finally, the Contract provides: "This (and any of PRODUCER's riders, addenda, exhibits or attachments hereto) constitutes the sole, complete and binding agreement between the parties hereto, and may not be amended, supplemented, altered or discharged except by an instrument in writing signed by the parties." *Id.*

## II. LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(3) provides that a party may make a pre-answer motion to dismiss an action that is not filed in the proper venue.[3] Title 28, U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Defendant points to section 15 of the Los Temararios Rider, which provides that the "State or Federal courts located in Los Angeles County, California shall have exclusive jurisdiction over any disputes" arising under the Contract, as the basis for its assertion that venue is improper in Iowa. Were it not for this forum selection clause, it is clear that Plaintiffs' assertion of venue in the Southern District of Iowa would be proper pursuant to 28 U.S.C. § 1391, because the concert contracted for was to be performed at a location in West Des Moines, Iowa, and because all preparations for the performance were made in and around West Des Moines, Iowa. *See* 28 U.S.C. § 1391(a)(2) (providing that civil actions founded on diversity of citizenship may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). The questions before the Court, therefore, are 1) whether the Contract at issue contains a valid forum selection clause; 2) if it does, whether that clause is enforceable; and 3) if enforceable, whether the action should be dismissed pursuant to Rule 12(b)(3) or transferred pursuant to § 1404(a).

### A. Does the Contract Contain a Valid Forum Selection Clause?

Plaintiffs argue that the Court should not enforce the forum selection clause contained in the Los Temerarios Rider because it is "ambiguous, permissive, and unreasonable." Pls.' Resistance at 2. In support of this contention, Plaintiffs first point to the fact that there are "arguably three (3) separate parts to this agreement that may or may not have all been included at the time of signing," namely the first four pages of the Contract, Addendum A (Additional Terms and Conditions) to the Contract (which comprises pages 5–9 of the Contract), and the Los Temerarios Rider.[4] *Id.* at 2–4. While the Court is

---

**3.** While there is authority indicating that the burden is on an objecting defendant to establish that venue is improper, Wright & Miller state that the " 'better view,' and the clear weight of authority, is that, when objection has been raised, the burden is on the plaintiff to establish that the district he chose is a proper venue." 15 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3826 (3d ed. Supp. 2004) (footnotes omitted); *see also* 5B Wright & Miller, *Federal Practice & Procedure* § 1352 (3d ed. 2004) ("A number of federal courts have concluded that the burden of [proving that venue is improper] is on the defendant, since venue is a 'personal privilege' that can be waived and a

lack of venue should be established by the party asserting it. On the other hand, an equal (perhaps a larger) number of federal courts have imposed the burden on the plaintiff in keeping with the rule applied in the context of subject matter and personal jurisdiction defenses. The latter view seems correct inasmuch as it is the plaintiff's obligation to institute his action in a permissible forum, both in terms of jurisdiction and venue.").

**4.** Plaintiffs' Resistance Brief also points out a "fourth" portion of the agreement, the "Temerarios Tour 2009 Artist Production Rider 2009," which specifies requirements for

uncertain precisely what point Plaintiff is trying to make with this argument, it appears that Plaintiffs are attempting to claim that, because the document is "voluminous" and contains several parts, the Court should not give credence to the document as a whole. Such an argument, however, strains credulity. Plaintiffs' own Complaint asserts that Defendants breached the Contract attached to the Complaint as Exhibit A. *See* Compl. ¶¶ 9–10 ("On or about April 28, 2009, [Defendants] entered into a written contract.... A true and accurate copy of the Contract is attached hereto as Exhibit A and is incorporated herein by reference."). Exhibit A to the Complaint contains nine pages, specifically, the four pages Plaintiffs identify as "the Contract" in their resistance, and the five pages comprising Addendum A (Additional Terms and Conditions). Moreover, the third paragraph on the first page of the Contract explicitly states that terms and conditions for the Engagement identified in the Contract "includ[e], without limitation," those articulated in "Addendum "A" [and] the Artist Rider ... which are attached hereto and fully incorporated herein by reference." Indeed, Plaintiffs' Complaint expressly states that Plaintiffs complied with all provisions in the Complaint *and in the Rider*, which Plaintiffs attached to the Complaint as Exhibit B. *See id.* ¶¶ 13–14 ("[A]fter the deposit was paid, [Plaintiffs] substantially provided all of the rider terms in accordance with the Band's Rider Agreement necessary for the performance.... A true and accurate copy of the Rider is attached hereto as Exhibit B and is incorporated herein by reference.").

Plaintiffs next point out that "the Addendum forum selection clause language does not portray the emphatic language that is included in the Temerarios Rider." Pls.' Resistance at 4. According to

Plaintiffs, this means that "the two provisions are ambiguous" and Plaintiff urges the Court to reject both forum selection clauses pursuant to traditional contract principles that require ambiguous language to be construed against the drafter. *Id.* In a suit based on diversity of citizenship, federal law determines the validity of a forum selection clause. *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068–69 (8th Cir.1986). "[I]t is settled ... that parties to a contract may agree in advance to submit to the jurisdiction of a given court...." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315–16, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964).

There can be no doubt that the forum selection clause in the Los Temerarios Rider, which provides that "[t]he State or Federal courts located in Los Angeles County, California shall have exclusive jurisdiction over any disputes arising hereunder," is a mandatory forum selection clause evidencing an intent by the parties to confer jurisdiction over matter arising under the Contract in the courts in Los Angeles County, California. Plaintiff nonetheless argues that the Court should disregard the forum selection clause in the Los Temerarios Rider because there is a "permissive" forum selection clause in the Addendum. *See* Pls.' Resistance at 4–5. Plaintiffs' argument in this regard is utterly without merit, however, because the forum selection clause in the Addendum, which provides that "all disputes arising out of this Agreement, wherever derived, *shall be resolved* in Los Angeles County in the State of California in accordance with the laws of that State," is also a mandatory forum selection clause conferring exclusive jurisdiction on the courts in Los Angeles County, California. Indeed, the Eighth Circuit Court of Appeals has held that a nearly identical forum selection clause con-

---

production of the performance, such as light-　　ing and sound requirements.

taining the word "shall," followed by an identification of a specific court, was mandatory and exclusive, not permissive and non-exclusive. *See Rainforest Café, Inc. v. EklecCo, L.L.C.,* 340 F.3d 544, 546 (8th Cir.2003) ("Rainforest ... entered into a lease that contains a mandatory forum selection clause. The clause requires that 'any dispute concerning the application or any interpretation of any portion of the Lease ... *shall* be brought in the New York Supreme Court ....'"); *see also Dunne v. Libbra,* 330 F.3d 1062, 1064 (8th Cir.2003) (identifying "shall" as a word connoting that a forum section clause is exclusive); *Terra Int'l, Inc. v. Miss. Chem. Corp.,*[5] 922 F.Supp. 1334, 1386 (N.D.Iowa 1996) (concluding that the term "will" in a

forum selection clause is "every bit as mandatory a statement as 'shall' or 'must' "). Accordingly, because both the forum selection clause in the Los Temerarios Rider and the forum selection clause in the Addendum to the Contract are mandatory, and because both forum selection clauses identify the courts of Los Angeles County, California as the exclusive forums for claims arising out of the Contract, the Court finds there is no ambiguity that requires interpretation[6] and that the clauses are valid.[7]

## B. *Are the Forum Selection Clauses Enforceable?*

 In *M/S Bremen v. Zapata Off-Shore Co.,* the Supreme Court determined

---

5. In evaluating whether a forum selection clause that provided that disputes between the parties "will be determined in the District Court for the United States for the Southern District of Mississippi," the *Terra* court explicitly found the clause to be "mandatory and exclusive." *Terra,* 922 F.Supp. at 1344, 1370. Ironically, Plaintiffs cite *Terra* for its discussion of the effect of forum selection clauses that are not mandatory or exclusive. *See* Pls.' Resistance at 5. The discussion Plaintiffs reference, however, was part of the court's § 1404(a) transfer analysis, and did not pertain to the court's evaluation of the exclusivity or mandatory nature of the specific forum selection clause at issue in the case.

6. Even if there were ambiguity between the two provisions, the forum selection clause in the Los Temerarios Rider would likely govern, given the Contract provision providing: "In the event of any inconsistency or conflict between the provisions of this Agreement and the provisions of any riders, addenda, exhibits or any other attachments hereto, the parties agree that the provisions most favorable to PRODUCER and ARTIST shall control." *See* Compl., Ex. A at 8.

7. Plaintiffs also spend significant time arguing that, when a forum selection clause refers to the courts "of" a particular jurisdiction, rather than to courts "in" a particular jurisdiction, the clause must be read to refer only

to the state courts, and not to federal courts, in that jurisdiction. Pls.' Resistance at 8–11. For instance, Plaintiffs points to a Ninth Circuit decision that held that the phrase, "courts 'of' Virginia" referred only to state courts in Virginia, and not to federal courts in Virginia. *Doe 1 v. AOL, LLC,* 552 F.3d 1077, 1082 (9th Cir.2009) ("Thus, courts 'of' Virginia refers to courts proceeding from, with their origin in, Virginia—i.e., the state courts of Virginia. Federal district courts, in contrast, proceed from, and find their origin in, the federal government."). Plaintiff then points to the language in the Addendum A forum selection provision that states that the agreement "shall be construed in accordance with the laws *of the State of California* applicable to agreements entered into and wholly to performed therein" as meaning that Addendum's forum selection clause only authorizes jurisdiction in the state courts of California, and not to federal courts in California. Plaintiffs' argument, however, suffers from one fatal flaw. The Contract provision that Plaintiff cites refers to a *choice of law* provision, not to a *forum selection provision.* Indeed, it is the *next* sentence of Addendum section Q(3) that provides the forum selection provision, stating that dispute arising under the Contract "shall be resolved *in* Los Angeles County *in* the State of California in accordance with the laws of that State." Thus, the very law that Plaintiffs argue prohibits jurisdiction in the federal courts of California actually authorizes it.

that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." 407 U.S. 1, 10, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) (concluding that a forum selection clause "should control absent a strong showing that it should be set aside"). The party resisting enforcement of a valid forum selection clause bears a heavy burden in convincing the Court that it should not be held to its bargain. *Id.* at 18, 92 S.Ct. 1907. Factors important in determining the reasonableness of a forum selection clause are whether the clause was the result of an arm's-length transaction, the experience and sophistication of the parties involved in the negotiation, the comparative bargaining positions of the parties, and representation of the parties by legal counsel. *See id.* at 12, 92 S.Ct. 1907; *Terra*, 922 F.Supp. at 1344; *see also Med. Legal Consulting Serv. v. Covarrubias*, 648 F.Supp. 153, 156 (D.Md.1986) (listing nine factors that have been considered by courts in determining the reasonableness of a forum selection clause). Other reasons for invalidating a forum selection clause include fraud or overreaching, duress, illegality, and other conventional grounds for invalidating a contract. *See Nw. Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 376–77 (7th Cir.1990).

■ Plaintiffs make several arguments as to why the forum selection clauses in the Contract should not be enforced in this case. First, Plaintiffs argue that Defen-

dant's attempt to enforce the forum selection clause "seeks to deprive this Court jurisdiction over a matter that it clearly has jurisdiction [sic]." Pls.' Resistance at 5. Plaintiffs cite several state law cases that indicate forum selection clauses are not legally binding in Iowa. *See id.* (citing *EFCO v. Norman Highway Constructors*, 606 N.W.2d 297 (Iowa 2000) and *Davenport Mach. & Foundry Co. v. Adolph Coors Co.*, 314 N.W.2d 432, 435 (Iowa 1982)). Plaintiffs' argument in this regard fails for two reasons. First, in federal diversity cases, venue is a matter of procedure, subject to federal, and not state, law. *See, e.g., Rainforest Café*, 340 F.3d at 546 ("In this case, both parties operate under the assumption that federal law controls the question of whether this forum selection clause applies. We are inclined to agree.")[8]; *Mongold v. Univ. Nationwide, L.L.C.*, No. 8:09–cv–86, 2009 WL 3297508, at *2 (D.Neb. Oct. 13, 2009) (finding forum-selection clauses are to be evaluated in accordance with federal law); *Wellmark, Inc. v. Deguara*, No. 4:02–cv40534, 2003 WL 21254637, at *4 (S.D.Iowa May 28, 2003) ("Since enforcement of a forum selection clause in a diversity action is a procedural matter determined under federal law, there is no question that courts apply federal law, not state law, to determine the validity of a forum selection clause in a federal question case such as the one at bar.") (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 32, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)). Second,

---

8. The question of whether state or federal law applies to questions of venue in diversity cases is the subject of a circuit split and has not been definitively decided in the Eighth Circuit, as the "inclined to agree" language in *Rainforest Café* indicates. *See Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir.2006) ("Initially we must address the question of whether to apply state or federal law in determining the enforceability of the clause. Because 'the enforceability of a

forum selection clause concerns both the substantive law of contracts and the procedural law of venue,' *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068–69 (8th Cir.1986), there is some disagreement among the circuits over whether state or federal law applies, *see M.B. Restaurants[, Inc. v. CKE Restaurants, Inc.]*, 183 F.3d [750,] 752 n. 4 [8th Cir.1999] (collecting cases), and we have yet to adopt a definitive position on the issue.").

Plaintiffs' citation to Iowa law is unpersuasive, because even if state law was controlling on the question of whether a forum selection clause should be enforced, the applicable state law in this case would likely be the law of California, not that of Iowa. *See* Compl., Ex. A at 8 ("This Agreement shall be construed in accordance with the laws of the State of California applicable to agreements entered into and wholly to be performed therein...."); Ex. B. at 17 ("This Rider and Contract shall be deemed made and entered into in the State of California and shall be governed by the laws of such State applicable to contracts entered into and wholly to be performed therein."); *see also Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir.1988) ("We conclude that the federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule announced in [*M/S Breman*] controls enforcement of forum clauses in diversity cases....").

Plaintiffs next argue that the forum selection clauses in this case are "inherently unreasonable," because "[t]he Contract was submitted to the Plaintiffs immediately prior to the Engagement, the Plaintiffs did not have an opportunity to consult with an attorney, and the contract was prepared in advance by the Defendants." Pls.' Resistance at 8. The Court finds Plaintiffs' arguments unconvincing. The fact that the Contract was submitted to Plaintiffs only five days prior to the intended concert is of little consequence given that Plaintiffs' Complaint affirmatively states that Plaintiffs "substantially provided the services to Defendants as the con-

tract and Rider so required." Compl. ¶ 16. Indeed, it is counterintuitive to think that Plaintiffs could understand and fulfill the pages upon pages of obligations identified in the Contract and corresponding Riders, yet could not understand a simple, plainly worded forum selection provision.

 Likewise, the fact that the Contract was prepared in advance by Defendants does not diminish the enforceability of the forum selection clause. Forum selection clauses have been deemed valid even where there have not been actual negotiations concerning the clause. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 594, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Indeed, the "bare assertion" that a contract was offered on a "take it or leave it" basis is not sufficient as a matter of law to establish that a contract is one of adhesion.[9] *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir.2001). Moreover, even if a contract falls under the rubric of the adhesion doctrine, any particular term sought to be invalidated must also be unconscionable. *See e.g., Webb v. R. Rowland & Co.*, 800 F.2d 803, 807 (8th Cir. 1986) ("The use of a standard form contract between two parties of admittedly unequal bargaining power does not invalidate an otherwise valid contractual provision. To be invalid, the provision at issue must be unconscionable."). Plaintiffs do not directly contend that the forum selection clause is unconscionable,[10] and nothing in the record would support such a conclusion. At best, Plaintiffs have offered some evidence that litigating the

---

9. An adhesion contract is generally defined as one that is "drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms." Restatement (Second) of Conflict of Laws § 187 cmt. b, at 135 (Rev.1988).

10. Plaintiffs do argue that venue in California creates an unreasonable and undue burden on all parties. Pls.' Resistance at 10. This argument, however, is made in the context of responding to Defendant's request for transfer under § 1404(a), not as part of Plaintiffs' argument regarding the enforceability of the forum selection clauses.

present case in California could pose a hardship on Plaintiffs and certain of Plaintiffs' witnesses. Defendant, however, has presented a declaration tending to indicate that California is a more convenient and appropriate forum for Defendants and for Defendants' witnesses. *See* Clerk's No. 16, Ex. C. Regardless of Plaintiffs' assertion of hardship, it has not presented evidence to convince the Court that venue in California would "deprive [Plaintiffs of their] fair day in court," as would be required to invalidate the forum selection clause. *See M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir.1999) (citing *Carnival*, 499 U.S. at 590–95, 111 S.Ct. 1522).

In short, the Court has no information before it that would compel a conclusion that the forum selection clause was anything other than an arm's-length transaction between relatively experienced and sophisticated parties with relatively equal bargaining power. While Plaintiffs contend they did not have the assistance of counsel in relation to the Contract, there is no evidence that this fact was due to anything other than Plaintiffs' own choice not to seek counsel. Moreover, the Court sees no evidence in the record of fraud or overreaching by Defendant in the formation of the Contract, or that Plaintiffs' were operating under duress at the time they entered into the Contract. Accordingly, the Court finds that the forum selection clauses are enforceable.

### C. *What Remedy is Applicable to Enforce the Forum Selection Clause?*

Having concluded that the Contract upon which Plaintiffs' action is based contains a valid and enforceable forum selection clause, the Court must now determine whether to dismiss the case for improper venue under Rule 12(b)(3) or transfer the case to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404(a).

Section 1404(a), designed as a "federal housekeeping measure, allowing easy change of venue within a unified federal system," provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); 28 U.S.C. § 1404(a). The moving party has the burden of showing that the transfer will be to a more convenient forum. *Am. Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254, 261 (W.D.Mo.1980). In determining whether to exercise its discretion to transfer an action pursuant to § 1404, the Court may consider a myriad of factors, including the convenience of parties and witnesses, access to sources of proof and evidence, the governing law, and the possibility of delay if a transfer is granted. As well, the Court may consider practical factors, such as where the case can be tried more efficiently and expeditiously and whether any prejudice will result if a transfer is granted. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688 (8th Cir.1997); *Terra*, 922 F.Supp. at 1334; *Houk v. Kimberly–Clark Corp.*, 613 F.Supp. 923 (W.D.Mo. 1985); *Stabler v. New York Times Co.*, 569 F.Supp. 1131 (S.D.Tex.1983). Where a valid and enforceable forum selection clause is present, it "will figure centrally in the [1404(a)] calculus." *Stewart Org., Inc.*, 487 U.S. at 23, 108 S.Ct. 2239.

The Court's determination of whether to dismiss the case under Rule 12(b)(3) or to transfer the case under § 1404(a) is not clear cut:

> In recent years ... there have been what appears to be an increasing number of venue motions based on the en-

forcement of forum selection clauses in contracts. The courts of appeal are split as to whether dismissal of the action is proper pursuant to Rule 12(b)(3) or Rule 12(b)(6) when it is based on one of these forum selection clauses rather than on noncompliance with a federal venue statute; most of the decided cases use the former rule as the basis, however.

A growing number of district courts have rejected dismissal under either Rule 12(b)(3) or Rule 12(b)(6) based on a forum selection clause. Instead, these courts have determined that transfer pursuant to Section 1404(a) is the preferred method for dealing with a forum selection clause as long as venue is appropriate in the chosen district. Under this view, dismissal is only appropriate when transfer is impossible, such as when the chosen forum is in a foreign country or when the district is not a place in which the action could have been brought. For example, in *Digital Envoy Inc. v. Google Inc.*[, 319 F.Supp.2d 1377 (N.D.Ga.2004)] the district court rejected the defendant's attempt to dismiss the case pursuant to Rule 12(b)(3) because the chosen forum was the Northern District of California and therefore the case could be transferred. Given Section 1404(a)'s emphasis on convenience and justice, transfer, rather than the harsh remedy of dismissal, seems to be the better approach whenever possible.

5B Wright & Miller, *Federal Practice & Procedure* § 1352.

 Since the Eighth Circuit has not yet provided guidance on this issue, the Court will follow the "preferred method" articulated above and transfer the present case to the Central District of California, rather than dismiss it pursuant to Rule 12(b)(3). In so doing, the Court finds that California and Iowa are likely equivalently convenient forums to try this action.

While Iowa is arguably more convenient for Plaintiffs and their witnesses, Defendant has represented that California is more convenient for Defendants and their witnesses. Evidence in forms other than witness testimony is likely to be documentary, and the Court can discern no significant benefit to an Iowa forum over a California forum. The governing law is likely to be that of California, pursuant to the choice of law provisions in the Contract. The case is in its early stages, meaning that no substantial delay is likely to result from the transfer of the case from Iowa to California. Additionally, the Court is confident that the Central District of California will try the case just as efficiently and expeditiously as would this Court. Since none of the 1404(a) factors tip substantially in favor of retaining the case in Iowa, and because the Court can discern no significant prejudice to Plaintiff as a result of enforcing the forum selection clauses, the Court concludes that the forum selection clauses should be enforced and that the case should be transferred to the Central District of California.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss, or in the Alternative, to Change Venue, is GRANTED. The Clerk of Court is directed to transfer this case to the United States District Court for the Central District of California.

IT IS SO ORDERED.